U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
AUG 2 1 2026
AT ____ O'CLOCK
John M. Domurad, Clerk - Binghamton

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. 1:26-CR-270(AMN) |
| | ) | |
| **v.** | ) | **Indictment** |
| | ) | |
| **EZZ ALDIN ALMORISI,** | ) | Violations: 19 U.S.C. § 1956(h) [Money Laundering Conspiracy] |
| | ) | |
| | ) | |
| | ) | |
| | ) | 1 Count and Forfeiture Allegation |
| | ) | |
| **Defendant.** | ) | County of Offense: Albany |

**THE GRAND JURY CHARGES:**

**COUNT 1**
**[Money Laundering Conspiracy]**

**The Scheme to Defraud**

1. From about July 2024 to about December 2025, unnamed Co-Conspirator 1 (CC-1) and unnamed Co-Conspirator 2 (CC-2) conducted a scheme to steal Supplemental Nutrition Assistance Program, or SNAP, benefits, and to launder the proceeds of that scheme with the assistance of the defendant, **EZZ ALDIN ALMORISI**.

2. CC-1 was the owner of a convenience store in Albany, New York, that accepted SNAP benefits. In about February 2025, CC-1 moved from Albany to Yemen, where he is believed to remain. After CC-1 moved to Yemen, CC-2, the father of CC-1, continued to live in Albany and to operate the store on a day-to-day basis.

3. CC-1 and CC-2 stole SNAP benefits by obtaining the numbers of Electronic Benefit Transfer (EBT) cards of SNAP beneficiaries, entering the numbers into payment processing

terminals, and processing false SNAP transactions. CC-1 and CC-2 would take funds off the cards and leave the beneficiaries unable to purchase food.

4. As part of the same scheme, CC-1 and CC-2, with the help of store clerks, would also process illegal SNAP transactions in the convenience store. Recipients of SNAP benefits would use EBT cards to buy products that by law could not be purchased through SNAP, such as cigarettes and beer, and to obtain cash back, which was also not permitted.

5. CC-1 and CC-2 would deposit the proceeds of the scheme in bank accounts that they controlled.

**Object of the Conspiracy**

6. From about July 2024 to about December 2025, in Albany County in the Northern District of New York, and elsewhere, the defendant, **ALMORISI**, CC-1, CC-2, and others known and unknown, knowingly combined, conspired, and agreed to commit the following offenses:

a. **Promotional money laundering**, by, knowing that the property involved in one or more financial transactions represented the proceeds of some form of unlawful activity, conducting and attempting to conduct such a financial transaction affecting interstate commerce, which transaction in fact involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343, with the intent to promote the carrying on of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

b. **Concealment money laundering**, by, knowing that the property involved in one or more financial transactions represented the proceeds of some form of unlawful activity, conducting and attempting to conduct such a financial transaction affecting interstate commerce, which transaction in fact involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343, knowing that the transaction was designed in whole and in part

to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

**Manner and Means**

7. From about July 2024 to about December 2025, **ALMORISI** and CC-1 transferred funds from bank accounts that CC-1 and CC-2 controlled, and that were funded with the proceeds of CC-1 and CC-2's SNAP fraud, to accounts controlled by **ALMORISI**, CC-1 and others, through wire transfers, money transfer services, PayPal, Zelle and other means. **ALMORISI** and CC-1 also transferred funds using multiple cryptocurrency services. **ALMORISI** and CC-1 attempted to evade verification requirements for transferring funds and to conceal the fact that CC-1 was in Yemen. **ALMORISI** and CC-1's methods of transferring proceeds were intended, among other things, to help **ALMORISI** and CC-1 avoid suspicion about the illicit source of the funds. Some of the cryptocurrency that **ALMORISI** and CC-1 transferred was paid to third parties who sold EBT card numbers illegally and was used to sustain their illegal scheme.

All in violation of 18 U.S.C. § 1956(h).

**FORFEITURE ALLEGATION**

The allegations contained in Count One of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(1).

Upon conviction an offense in violation of 18 U.S.C. § 1956(h), as set forth in Count One, the defendant, **EZZ ALDIN ALMORISI**, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real and personal, involved in such offense, and any property traceable thereto, including, but not limited to, a money judgment in an amount to be determined.

**Substitute Assets**

If any of the property described in the Forfeiture Allegation above, as a result of any act or omission of the defendant, either: (a) cannot be located upon the exercise of due diligence; (b) has

been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) and Federal Rule of Criminal Procedure 32.2(e).

Dated: August 21, 2026

A TRUE BILL,

**Foreperson name REDACTED**

Grand Jury Foreperson

TODD BLANCHE
Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

By: ______________________________
Nicholas Walter
Assistant United States Attorney
Bar Roll No. 706029